IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JERMAINE MITCHELL, #205893,    )
                                 )
        Plaintiff,          )
                                 )
v.                         )    CIVIL ACTION NO. 2:11-CV-474-TMH
                               )             [WO]
                               )
KIM THOMAS, et al.,        )
                               )
        Defendants     )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this civil action, Jermaine Mitchell ["Mitchell"], a state inmate who is confined to a wheelchair, alleges that correctional officials are denying him an adequate diet. Mitchell is currently incarcerated at the Hamilton Aged and Infirmed Facility.

Upon review of the factual allegations presented in the complaint, the court concludes that this case should be transferred to the United States District Court for the Northern District of Alabama pursuant to 28 U.S.C. § 1404.[1]

**DISCUSSION**

A civil action asserting a violation of a prisoner's constitutional rights may be brought filed "in (1) a judicial district where any defendant resides, if all defendants reside

---

[1] Mitchell filed an application for leave to proceed *in forma pauperis*. *Court Doc. No. 2*. However, in light of the April 1996 revisions to 28 U.S.C. § 1915 and under the circumstances of this case, the court concludes that assessment and collection of any filing fee should be reserved for the United States District Court for the Northern District of Alabama.

in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred ... or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b). However, the law further provides that "[f]or the convenience of parties and witnesses, [and] in the interest of justice, a district court may transfer any civil action to any other district ... where it might have been brought."  28 U.S.C. § 1404(a).

The Hamilton Aged and Infirmed Facility is located within the jurisdiction of the United States District Court for the Northern District of Alabama.  Thus, those individuals personally involved in the preparation and provision of meals to the plaintiff reside in the Northern District of Alabama. Although by virtue of their positions as commissioner of the Alabama Department of Corrections and Attorney General for the State of Alabama, defendants Thomas and Strange reside in the Middle District of Alabama, they are subject to service of process throughout the state and commonly defend suits in all federal courts of this state.[2]  Moreover, the actions about which the plaintiff complains are presently occurring at a correctional institution which is within the jurisdiction of the Northern District of Alabama.  It is therefore clear to this court that the majority of witnesses and

---

[2]This court makes not determination with respect to the merits of the plaintiff's claims for relief against either named defendant.

evidence associated with this case are located in the Northern District of Alabama.

In light of the foregoing, the court concludes that in the interest of justice and for the convenience of the parties this case should be transferred to the United States District Court for the Northern District of Alabama for review and determination.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be transferred to the United States District Court for the Northern District of Alabama pursuant to the provisions of 28 U.S.C. § 1404.  It is further

ORDERED that on or before November 15, 2011, the parties may file objections to the  Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v.*

*Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 1st day of November, 2011.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE